O

# United States District Court
# Central District of California

| | |
|---|---|
| JENELL RIVERA,<br><br>                    Plaintiff,<br><br>     v.<br><br>WAL-MART ASSOCIATES, INC. et al.,<br><br>                    Defendants. | Case № 2:23-cv-08723-ODW (MRWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIFTH CAUSE OF ACTION [26]** |

## I. INTRODUCTION

Plaintiff Jenell Rivera brings this putative class action against Defendants Wal-Mart Associates, Inc. and Sam's West, Inc. for alleged violations of California labor laws. (Second Am. Compl. ("SAC"), ECF No. 23.). Defendants now move to dismiss Plaintiff's fifth cause action for unfair and unlawful business practices in violation of California Business and Professions Code section 17200 *et seq*. (Mot. Dismiss ("Mot." or "Motion"), ECF No. 26.) For the following reasons, the Court **GRANTS** Defendants' Motion[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Rivera is a former employee of Sam's Club, where she worked as an associate. (SAC ¶ 3.) During the course of her employment, Rivera alleges that Defendants impeded her ability to take rest breaks by requiring her to serve customers and complete her assigned tasks before and in lieu of taking her rest breaks. (*Id.* ¶ 16.)

On September 5, 2023, Rivera filed this putative class action in the Superior Court of the State of California for the County of Los Angeles. (Notice of Removal ("NOR") ¶ 1, ECF No. 1.) Rivera seeks to bring this action on behalf of "all current and former non-exempt employees of [Defendants] in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time of this action settles or the class is certified." (*Id.* ¶ 6; Decl. Mitchell A. Wrosch ISO NOR ("Wrosch Decl.") Ex. A ("Compl.") ¶ 5, ECF No. 6-1.) On October 16, 2023, Defendants removed the action to this Court. (NOR ¶ 2.)

Rivera has twice amended her Complaint. (*See* First Am. Compl., ECF No. 18; SAC.) In her SAC, Rivera alleges that Defendants violated the California Labor Code by failing to: (1) authorize and permit rest breaks; (2) furnish accurate itemized wage statements; (3) pay all wages due to terminated employees; and (4) indemnify employees for necessary expenditures incurred during discharge of duties. (*Id.* ¶¶ 13–35.) Furthermore, in her fifth cause of action, Rivera alleges that Defendants engaged in unfair and unlawful business practices in violation of California Business and Professions Code section 17200 *et seq.* (*Id.* ¶¶ 36–45.)

Defendants now move to dismiss Rivera's fifth cause of action under Federal Rule of Procedure ("Rule") 12(b)(6). (Mot.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

In her fifth cause of action, Rivera seeks "a restitutionary remedy under the [Unfair Competition Law ("UCL")] for [Plaintiff's] resulting economic injuries because they lack an adequate remedy at law to redress them." (SAC ¶ 37.) Defendants argue that Rivera's UCL claim fails because Rivera (1) lacks standing,

and (2) fails to allege an inadequate remedy at law. (Mot. 2.) The Court begins its analysis by considering whether Rivera has standing to bring a UCL claim.

To establish standing under Article III of the United States Constitution, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). To establish standing to seek injunctive relief, a plaintiff must "demonstrate that [they have] suffered or [are] threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that [they] will again be wronged in a similar way.'" *Joslin v. Clif Bar & Co.*, No. 4:18-cv-04941-JSW, 2019 WL 5690632, at *2 (N.D. Cal. Aug. 26, 2019) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 985.

The Ninth Circuit has dismissed UCL claims for lack of standing in cases where the named plaintiff was not currently employed by defendants. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) ("Plaintiffs not employed by [defendant] throughout this case [did] not have standing to seek injunctive relief."); *see also Richards v. Ernst & Young LLP*, No. C 08-4988 JF (HRL), 2010 WL 682314, at *17 (N.D. Cal. Feb. 24, 2010) ("[A] former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees.").

Here, Rivera clearly pleads that "[s]he is a former employee" of Defendants, and that her employment ended on "approximately September 13, 2022." (SAC ¶ 3.) Rivera also does not plead that she is seeking to return to employment. *See Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 3659302, at *17 (N.D. Cal. Aug. 2, 2018) (granting defendants' motion to dismiss the claims for injunctive relief when plaintiff was a former employee and failed to allege any facts regarding future

injury). Furthermore, the Court notes that Rivera fails to address Defendants' standing argument in her Opposition to Defendants' Motion. (*See* Opp'n Mot. Dismiss, ECF No. 27.)

Having found that Rivera lacks standing to bring a claim for injunctive relief, the Court need not address whether Rivera sufficiently pleads an inadequate remedy at law.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Fifth Cause of Action. (ECF No. 26.)

**IT IS SO ORDERED.**

April 25, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**