O

# United States District Court
# Central District of California

JENELL RIVERA,

Plaintiff,

v.

WAL-MART ASSOCIATES, INC. et al.,

Defendants.

Case № 2:23-cv-08723-ODW (MBKx)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [46]**

## I.    INTRODUCTION

Plaintiff Jenell Rivera filed this putative class action against Defendants Wal-Mart Associates, Inc. and Sam's West, Inc. alleging various wage-and-hour claims. (Decl. Mitchell A. Wrosch ISO Removal ("Wrosch Decl.") Ex. A ("Compl."), Dkt. No. 6-1.) On May 28, 2025, Rivera accepted Defendants' offer to compromise her individual claims pursuant to California Code of Civil Procedure section 998 ("998 Offer"). (Notice Acceptance 4, Dkt. No. 41.) On July 3, 2025, the Court entered judgment. (Order Stip. J., Dkt. No. 45.) Rivera now moves to recover her attorneys' fees and costs. (Mot. Att'ys' Fees ("Motion" or "Mot."), Dkt. No. 46.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Rivera's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

On September 5, 2023, Rivera filed this putative class action against Defendants. (Compl.)  On October 16, 2023, Defendants removed the action to this Court based on diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  (Notice Removal ¶ 2, Dkt. No. 1.)   Rivera alleged that Defendants (1) failed to permit rest breaks; (2) failed to furnish accurate wage statements; (3) failed to pay all wages due upon termination; (4) failed to indemnify necessary business expenses; and (5) engaged in unfair and unlawful business practices.  (Second Am. Compl. ¶¶ 14–45, Dkt. No. 23.) On April 25, 2024, the Court dismissed Rivera's unfair and unlawful business practices claim for lack of standing.  (Order Grant Mot. Dismiss ("MTD Order"), Dkt. No. 30.)

On April 28, 2025, Defendants extended a 998 Offer to Rivera, and on May 28, 2025, Rivera accepted the offer.  (Notice Acceptance.)  On July 3, 2025, the Court entered judgment against Defendants in the amount of $10,830.00.  (Order Stip. J. 2.) The Court retained ancillary jurisdiction to determine Rivera's reasonable attorneys' fees and costs.  (*Id.*)  On October 1, 2025, Rivera filed this Motion.  (Mot.)

## III.    LEGAL STANDARD

California substantive law applies to the determination of attorneys' fees where the federal court exercises diversity jurisdiction over the action under CAFA. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir.1995).  California Labor Code section 2802(c) authorizes a prevailing party to recover her reasonable costs, including attorneys' fees, incurred as "necessary expenditures or losses."  A "prevailing party" includes a party "with a net monetary recovery."  Cal. Code Civ. Proc. § 1032(a)(4). "[A] party who secures a recovery by accepting a [California Code of Civil Procedure] section 998 offer is entitled to costs and fees unless they are excluded by the offer." *Engle v. Copenbarger & Copenbarger, LLP*, 157 Cal. App. 4th 165, 169 (2007).  The party seeking attorneys' fees bears the burden of establishing that the requested fees are reasonable.  *Ctr. for Biological Diversity v. County of San Bernardino*, 188 Cal. App. 4th 603, 615 (2010).

## IV.    DISCUSSION

Rivera seeks $139,755.00 in attorneys' fees, based on a lodestar amount of $79,860.00 and a 1.75 multiplier.  (Mot. 1, 5–15.)  She also seeks $2,028.56 in costs.  (*Id.* at 15–16.)  Defendants request that the Court strike the Motion due to Rivera's counsel's alleged failure to meet and confer, or in the alternative, that the Court reduce the fee award to no more than $30,920.00.  (Opp'n 6–7, Dkt. No. 48.)  Before analyzing the reasonableness of Rivera's attorneys' fees and costs, the Court addresses the preliminary issues of whether the Motion satisfies the meet and confer requirement and whether any fees should be excluded due to limiting language of the 998 Offer.

### A.    Local Rule 7-3 Meet and Confer Requirement

Prior to filing a motion with the Court, "counsel . . . must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  This conference shall take place at least seven days before filing the motion.  *Id.*  The parties must strictly adhere to the local rules, and a district court has the discretion to deny a motion that fails "to comply with the local rules."  *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); C.D. Cal. L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of [Local Rules] 7-3 through 7-8.").

Defendants argue that Rivera's counsel failed to meet and confer in a meaningful way and in accordance with Local Rule 7-3.  (Opp'n 8–10.)  Rivera's counsel contend that they substantially complied with Local Rule 7-3 and any alleged non-compliance did not cause prejudice to Defendants.  (Reply 2–3, Dkt. No. 49.)  The purpose of Local Rule 7-3 is "to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice."  *R.H. v. County of San Bernardino*, No. 5:18-cv-01232-JLS (KKx), 2019 WL 10744836, at *1 (C.D. Cal. Sep. 25, 2019) (citation modified).

Rivera's counsel met and conferred with Defendants' counsel on September 30, 2025, and October 1, 2025.  (Decl. Mikael H. Stahle ISO Mot. ("Stahle Decl.") ¶ 31,

Dkt. No. 46-5.) On October 1, 2025, Rivera filed this Motion. (Mot.) Thus, Rivera's counsel failed to meet and confer at least seven days before filing the Motion. C.D. Cal. L.R. 7-3. The Court generally does not tolerate such willful disobedience of the local rules. However, in an effort to resolve this action, promote judicial economy, and avoid additional refiling fees, the Court will consider Rivera's Motion. Moreover, as discussed in detail below, the Court does not award Rivera any attorneys' fees incurred after Defendants' 998 Offer. As such, Defendants do not suffer any prejudice. *See Correa v. Ford Motor Co.*, No. 2:23-cv-02389-AB (PDx), 2025 WL 2673627, at *4 (C.D. Cal. May 22, 2025) ("[B]ecause the purpose of Local Rule 7-3 is to narrow the scope of the issues the Court must resolve, awarding fees and costs that Defendant does not contest will not undermine the purpose of the rule.").

**B.    Attorneys' Fees to Be Included**

Rivera seeks attorneys' fees incurred after April 28, 2025, the date of Defendants' 998 Offer. (*See* Stahle Decl. ¶ 23, Ex. 1 ("Lodestar Report"), Dkt. No. 46-6.) Defendants contend that the Court should reject these fees as they are excluded by the express language of the 998 Offer. (Opp'n 7–8.) Rivera also seeks fees for work relating to opposing Defendants' motion to dismiss Rivera's UCL claim. (*See* Lodestar Report.) Defendants argue that Rivera cannot recover any fees associated with the dismissal of her UCL claim. (Opp'n 17–19.)

*1.    Date Limitation*

Rivera requests attorneys' fees she incurred after Defendants' 998 Offer. (*See* Lodestar Report.) Specifically, after the 998 Offer, Rivera's counsel billed 34.1 hours, for a total of $37,510.00 in fees. (*See* Lodestar Report.) Defendants argue that the Court should decline to award these fees because the language of the 998 Offer expressly excludes any fees incurred after the offer. (Opp'n 7–8.)

While sitting in diversity, federal district courts apply state substantive law. *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996). California courts recognize that California Code of Civil Procedure "[s]ection 998 agreements are

contractual in nature, so general contract principles apply to their interpretation as long as they do not 'conflict with nor defeat the statute's purpose of encouraging the settlement of lawsuits prior to trial.'" *Alvarado v. Wal-Mart Assocs., Inc.*, 156 F.4th 917, 924 (9th Cir. 2025) (quoting *Timed Out LLC v. 13359 Corp.*, 21 Cal. App. 5th 933, 942 (2018)).

Courts first review the terms of the contract for "the plain meaning of the agreement's language." *Linton v. County of Contra Costa*, 31 Cal. App. 5th 628, 636 (2019). The actual terms of the contract control if they are "clear and explicit." Cal. Civ. Code § 1638. "[F]or attorney fees and costs to be waived, the waiver must be express and not by implication." *Timed Out*, 21 Cal. App. 5th at 944.

Here, by its plain language, the 998 Offer limits attorneys' fees and costs to those "actually incurred as of the date of this Offer." (Notice Acceptance ¶ 2.) Thus, the 998 Offer permits recovery of fees incurred up to the date of the offer, but it does not allow recovery of any fees incurred thereafter. California courts have interpreted nearly identical limiting language to only allow fees incurred up to the settlement offer. *See, e.g.*, *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) ("Because the plain language of the settlement offers limit attorney's fees to those accrued prior to the date of the offers, the district court did not err in finding that the [plaintiffs'] acceptance clearly and unambiguously waived attorney's fees incurred thereafter."); *Johnson v. Midland Credit Mgmt., Inc.*, No. 21-cv-1563 W (JLB), 2022 WL 1036773, at *2 (S.D. Cal. Apr. 6, 2022) (holding that the defendant's offer limited the plaintiff's attorneys' fees to those incurred "to the date of th[e] offer"). As the 998 Offer unambiguously states that Rivera may recover attorneys' fees "incurred as of the date of this Offer," she cannot recover any fees incurred *after* the offer.[3]

---

[3] California courts have recognized Federal Rule of Civil Procedure ("Rule") 68 and California Code of Civil Procedure section 998 are similar "in the operation and purpose," such that it is appropriate to consider Rule 68 authority when analyzing a Code of Civil Procedure section 998 offer. *See Reck v. FCA US LLC*, 64 Cal. App. 5th 682, 694 (2021).

Thus, the Court finds that the clear terms of the 998 Offer preclude any attorneys' fees incurred after Defendants' 998 Offer. Accordingly, the Court **DECLINES** to award Rivera **$37,510.00** in fees incurred after April 28, 2025.

### 2.    *Fees Relating to the UCL Claim*

Rivera's counsel billed 10.1 hours, totaling $11,100.00, for work relating to opposing Defendants' motion to dismiss Rivera's UCL claim, which the Court ultimately dismissed for lack of standing. (*See* Lodestar Report; MTD Order 5.)

The language of the 998 Offer limits attorneys' fees to those "incurred as of the date of this Offer in pursuit of Plaintiff's claims in this action and recoverable by law." (Notice Acceptance ¶ 2.) The Court previously determined that Rivera had no standing to bring her UCL claim. (MTD Order 5.) Rivera now argues that she is entitled to' fees associated with opposing Defendants' motion to dismiss the UCL claim based on her designation as the prevailing party under the 998 Offer and notwithstanding the Court's dismissal of that claim for lack of standing. (Mot. 4–5; Reply 5–6.)

However, any fees under the 998 Offer are expressly limited to those "recoverable by law." (Notice Acceptance ¶ 2.) In this context, the attorneys' fees incurred defending Rivera's UCL claim are not "recoverable by law" because "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007). Nor does Rivera's reliance on general principles that an attorneys' fees award need not be limited to "productive" efforts alter this result. (Reply 5–6.) The question here is not whether unsuccessful work may be compensable, but whether fees associated with the dismissal of the UCL claim, a claim that Rivera lacked standing to bring from the outset, fall within the 998 Offer's limitation to fees "recoverable by law." The Court finds that they do not. Accordingly, the Court **DECLINES** to award Rivera **$11,100.00** in attorneys' fees she incurred in opposing Defendants' motion to dismiss the UCL claim.

6

**C.      Lodestar Calculation**

Federal courts apply state law to determine the attorneys' fees award and the method of calculating the fees. *Mangold*, 67 F.3d at 1478. California courts use the "lodestar" method to determine whether a fee award is reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001). Courts utilize the "lodestar" method by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34 (2019). If a court finds that the time expended or rates requested are unreasonable, "it must take this into account and award attorney fees in a lesser amount." *Id.*

*1.      Hourly Rates*

The Court first analyzes whether the hourly rates are reasonable. "[T]he burden is on the fee applicant to produce satisfactory evidence" showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). In assessing whether the rates are reasonable, a district court may rely "on its own knowledge" of customary rates and its "familiarity with the legal market." *Ingram v. Oroudijian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, Rivera's counsel request hourly rates of $1,100.00 for the work of two attorneys: (1) Debra J. Tauger, who has over thirty years of experience litigating wage and hour actions, (Decl. Debra J. Tauger ISO Mot. ("Tauger Decl.") ¶¶ 4–7, 10, Dkt. No. 46-9), and (2) Mikael H. Stahle, who has nearly thirty years of litigation experience, twenty-two of which were dedicated to class action litigation, (Stahle Decl. ¶¶ 24–26). To support their rates, Rivera's counsel cite various federal district and state court cases granting them similar fees. (Tauger Decl. ¶ 10 (collecting cases with approved rates of $1,100.00 in 2025 and $1,050.00 in 2024); Stahle Decl. ¶ 28 (collecting cases with approved rates of $1,050.00 in 2024).)

Defendants do not argue that Rivera's counsel's hourly rates are unreasonable. In fact, Defendants' acknowledge that an award of Rivera's counsel's hours at their requested rates, less any pre-998 Offer hours and those expended in defending the UCL claim, is reasonable. (Opp'n 19 (requesting an attorneys' fees award which represents Rivera's counsel's lodestar, minus the fees incurred after the 998 Offer and those incurred in defending Rivera's UCL claim).)   Thus, the Court accepts Rivera's counsel's requested hourly rates, which are undisputed by Defendants, as reasonable.

### 2.    Hours Expended

In analyzing the reasonableness of hours expended, courts examine counsel's detailed time records and may reduce them if the "documentation of the hours is inadequate," duplicative, "excessive," or "unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *op. am. on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987).  The trial court, due to its familiarity with the case, is in the best position to evaluate the reasonableness of the hours requested.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

Rivera's counsel billed 72.6 total hours prosecuting this case.  (Lodestar Report; Mot. 5.)  Specifically, counsel billed 10.1 hours for work on opposing Defendants' motion to dismiss Rivera's UCL claim. (Lodestar Report.)  Counsel also billed a total of 34.1 hours for work after Defendants' 998 Offer. (*Id.*)  As discussed above, the Court declines to award these.  Furthermore, Defendants do not argue that the hours Rivera's counsel expended prior to the 998 Offer are unreasonable. (*See generally* Opp'n.)  The Court nevertheless reviewed Rivera's counsel's detailed time records and concludes that the total hours billed pre-998 Offer are reasonable.  Accordingly, the Court **AWARDS** attorneys' fees for the remaining **28.4 hours** of work performed before the 998 Offer and unrelated to defending Rivera's UCL claim.

### 3.    Lodestar Multiplier

The Court does not find that a lodestar multiplier is warranted.  A fee award may be adjusted based on (1) the novelty and difficulty of the questions involved; (2) the

skill displayed and results achieved; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award." *Morris*, 41 Cal. App. 5th at 34.

Rivera's counsel ask the Court to apply a 1.75 multiplier based on contingency risk. (Mot. 12–15.) As an initial matter, this case presented no particularly novel or complex issues and required no special skills. Moreover, there is no indication that Rivera's counsel sacrificed other employment for this case. (*See generally id.*) Thus, the Court finds that the first three factors do not weigh in favor of a positive multiplier.

As to the fourth factor, California law recognizes that attorneys may generally receive a multiplier when they take a case on a contingency basis as an incentive to encourage attorneys to take such cases. *Ketchum*, 24 Cal. 4th at 1132–33. A contingent fee agreement favors an upward departure only when there is an "uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 819 (2006).

The Court finds that this factor does not weigh in favor of an upward departure. There is little indication that this action posed much risk for Rivera's counsel. The risk of non-recovery at the outset of this litigation "was equivalent to the risk in any other wage-and-hour class action cases." *See Cuellar v. First Transit Inc.*, No. 8:20-cv-01075-JWH (JDEx), 2024 WL 83231, at *13 (C.D. Cal. Jan. 8, 2024). Rivera's counsel, as seasoned litigators, are well positioned to assess early in litigation whether a case has merit. As a result, counsel faced little risk of being drawn into a losing case.

Moreover, the attorneys' fees here "are not truly contingent" because they do not depend on the monetary value of Rivera's recovery. *See Guaschino v. Hyundai Motor Am.*, No. 2:23-cv-04354-MWF (JPRx), 2025 WL 1416039, at *6 (C.D. Cal. Apr. 2, 2025). So long as Rivera "was the prevailing party, counsel were guaranteed recovery of fees for the reasonable hours worked." *See id.* As such, the fourth factor does not support a positive multiplier. Thus, the Court **DECLINES** to apply a multiplier.

Accordingly, the Court **GRANTS** Rivera an award of **$31,240.00** in attorneys' fees, which represents her lodestar amount minus the fees incurred after the 998 Offer and those incurred in defending her UCL claim.

**D.    Costs**

Riveras seeks $2,028.56 in costs.  (Mot. 15–16; Stahle Decl. ¶ 30.)  Defendants do not meaningfully dispute Rivera's costs.  (*See generally* Opp'n.)

The Court finds that Rivera's costs are reasonable.  For example, Rivera's costs relating to filing, service, and jury fees incurred in state court before removal are authorized by state statute.  Cal. Civ. Proc. Code § 1033.5(a); *Ramsey v. Amway Corp.*, No. 8:18-cv-01870-JVS (ADSx), 2022 WL 1843976, at *2 (C.D. Cal. Feb. 25, 2022).  Furthermore, the Court finds that Rivera's costs incurred in litigating her claims in federal court for over a year after removal are also reasonable.  Cal. Civ. Proc. Code § 1033.5(c)(4) (providing that a court may, in its discretion, allow or deny other costs).  Thus, the Court **GRANTS** an award of **$2,028.56** in costs to Matern Law Group, PC.

### V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Rivera's Motion for Attorneys' Fees.  (Dkt. No. 46.)  The Court **AWARDS** **$31,240.00** in attorneys' fees and **$2,028.56** in costs to Matern Law Group, PC, and denies the remainder of Rivera's request.  Defendants shall render payment within **thirty (30) days** of this Order.

**IT IS SO ORDERED.**

February 13, 2026    _____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**